MARK S. RENNER, SBN 121008
WYLIE, McBRIDE, PLATTEN & RENNER
2125 Canoas Garden Avenue Suite 120
San Jose, California 95125
Telephone:    408.979.2920
Facsimile:    408.979.2934
mrenner@wmprlaw.com

Attorneys for Plaintiff TRUSTEES

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE U.A. LOCAL 393 PENSION FUND AND THE U.A. LOCAL 393 HEALTH AND WELFARE TRUST FUND,<br><br>Plaintiffs,<br><br>vs.<br><br>THERMAL LOGISTICS, INC.<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR MONIES DUE AND INJUNCTIVE RELIEF** |

1.      This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185. Jurisdiction and venue are conferred on this Court by 29 U.S.C. §§ 185(a), 1132(a), (e) and (f).

2.      Plaintiff Trustees are ERISA fiduciaries of the U.A. Local 393 Pension Fund and the U.A. Local 393 Health and Welfare Trust Fund. The foregoing (hereinafter called "employee benefit plans") are "employee benefit plans" within the meaning of ERISA Section 3(3), as amended, 29 U.S.C. § 1002(3). The plans are administered in the County of Santa Clara, California. Venue is proper in this district under 29 U.S.C. § 1132 (e) (2).

3.      Plaintiffs are the assignees of the claims of the following entities (hereinafter called "funds") which are due monies according to a collective bargaining agreement: (1) Plumbing

1   Industry Non-Profit Corporation (for apprentice and journeyman training as provided by the
2   collective bargaining agreement), (2) Contract Administration Fund (for contract administration
3   expenses as provided by the collective bargaining agreement), (3) Labor Management Cooperation
4   Trust (for industry promotion as provided by the collective bargaining agreement), (4) U.A. Local
5   393 Vacation Account Fund (for vacation contributions for the employees as provided by the col-
6   lective bargaining agreement), and (5) U.A. Local 393 Job Protection Fund.

7        4.     Defendant Thermal Logistics, Inc. is and was at all times relevant herein a California
8   corporation licensed to do business under the laws of the State of California, and engaged in an
9   industry affecting commerce. Said Defendant's principal place of business is located in the City of
10  Santa Clara, Santa Clara County, California.

11       5.     Thermal Logistics, Inc. entered into a collective bargaining agreement with U.A.
12  Local 393, a labor organization representing employees in an industry affecting commerce. The
13  collective bargaining agreement required that said Defendant timely submit contributions on a
14  monthly basis to the "employee benefit plans" and the "funds" certain fixed amounts on behalf of all
15  employees of Defendant who performed work covered by the collective bargaining agreement or for
16  whom contributions were otherwise required.

17       6.     The collective bargaining agreement further required that defendant became bound to
18  the terms of the trust agreements governing the employee benefit plans described above. Both the
19  collective bargaining agreement and such trust agreements further required that defendant submit to
20  Plaintiffs monthly reports indicating the amount of covered work performed by defendant, and the
21  resulting contributions that were due.

22       7.     Beginning with the month of March 2014, defendant either submitted a monthly
23  report but did not submit the amount owing for that month, or submitted no report at all, and
24  continued in such conduct for the following months. Said failure and refusal to submit the amounts
25  owing violates the collective bargaining agreement to which it is a party, the Trust Agreements and
26  provisions governing the "employee benefit plans" and the "funds," and the requirements of ERISA.

27       8.     Pursuant to the collective bargaining agreement and the Trust Agreements referenced
28  above, and pursuant to ERISA there is now due and owing from defendant to Plaintiffs, and will

1  continue to become due and owing after the filing of this Complaint, certain principal contributions,

2  plus twenty percent (20%) of the principal amount due as liquidated damages, plus interest on the

3  principal and liquidated damages.

4       9.    In addition to the amounts identified above, pursuant to Section 502(g)(2) of ERISA,

5  29 U.S.C. § 1132(g)(2) and pursuant to the terms of the collective bargaining agreement, Plaintiffs

6  are further entitled to recover reasonable attorneys' fees and costs incurred herein.

7       10. A copy of this complaint is being served upon the Secretary of Labor and the Secretary

8  of the Treasury by certified mail as required by 29 U.S.C. §1132(h).

9       **WHEREFORE**, Plaintiffs pray that this Court grant judgment in favor of Plaintiffs and

10  against Defendant as follows:

11       1.    An award of damages that have accrued before the filing of this Complaint, and that

12  may accrue subsequent to its filing, which is comprised of:

13            A.    All fringe benefit contributions, and other amounts as described above that are

14  contractually required;

15            B.    Liquidated damages and interest on amounts dues as allowed by the collective

16  bargaining agreement or by ERISA;

17            C.    Any audit fees incurred by plaintiffs;

18            D.    All of the costs of collection, including: (i) reasonable attorney's fees, and

19  (ii) the costs of this action; and

20       2.    Award to Plaintiffs such other legal and equitable relief as the Court deems

21  appropriate.

22  Dated: November _10_, 2014        WYLIE, MCBRIDE, PLATTEN & RENNER

23

24                       By: _____

25                          MARK S. RENNER
                        Attorney for Plaintiff Trustees

26  I:\0039\06837\pnd\complaint.docx

27

28